Article 1, section 14 of the constitution, provides as follows: "No lease or grant of agricultural land, for a "longer period than twelve years, hereafter made, in which shall "be reserved any rent or service of any kind, shall be valid." If we shall be of opinion that by the instrument executed between the plaintiff and the defendant and his wife, bearing date November 26th, 1847, no rent or service of any kind is reserved, the judgment below must be affirmed, for then it does not come within the constitutional prohibition.
The instrument in question is somewhat singular in its character. The plaintiff conveys to the defendant all her real estate during her life, and all her personal estate except money and such parts of her personal estate as she shall dispose of, for the same period. The plaintiff then covenants that she will devise to the defendant's wife, or to her executors in trust to convey to the defendant's wife, a certain parcel of land of about 27 acres, such devise or conveyance to be to the defendant's wife and her children living at the plaintiff's death, jointly. The defendant covenants that he will remove on to the land, and that during the plaintiff's life he will comfortably and decently support and provide for and take care of her, according to her condition in life; that in case of sickness she shall be well and faithfully taken care of, and attended by a physician and other necessary attendants, and that the defendant's wife (plaintiff's daughter) shall take care of the plaintiff and treat her kindly, and as becomes the relation of parent and child.
The covenant needs only to be looked at to see that it does not reserve rent or service, in the technical sense of those terms, but only imposes personal obligations binding on the covenantor. Rent is a certain yearly profit in money, provisions, chattels or labor, issuing out of lands and tenements in retribution for their use. (3 Kent's Com. 460.) It is a certain and periodical return. The covenant in this case is for nothing certain in amount, nor periodieal in time of performance.
We ought not, however, to dispose of this case without some observation upon the shape in which it is presented. There *Page 461 
is no exception in the case; but in lieu of proper exceptions, we are furnished with a stipulation between the parties that the plaintiff's counsel shall be considered as having duly excepted to the finding and decision of the judge. The cause was tried before a judge without a jury, and under section 268 of the code of 1849, the party complaining of the decision should have excepted and made his bill of exceptions in the same way as if the trial had been by jury. Had our conclusion upon the question of law involved, been favorable to the plaintiff, we should not have felt at liberty to reverse the judgment on these papers, and we are glad to have the opportunity of correcting the practice in a case where we can do so without disregarding the merits.
WATSON, J. gave no opinion. All the other members of the court concurred in the foregoing opinions.
Judgment affirmed.